BUSH GOTTLIEB SINGER LÓPEZ KOHANSKI ADELSTEIN & DICKINSON
500 North Central Avenue, Suite 800
Glendale, California 91203-3345

d.      Whether Chase breached the implied covenant of good faith and fair dealing by repeatedly requesting its borrowers to produce documentation already in Chase's possession and by taking other steps to delay or prevent the extension of offers for permanent modification;

e.      Whether Plaintiffs and the Class members reasonably relied on the material representations made by Defendant relating to the offer of a permanent loan modification, and whether Plaintiffs and the Class suffered damage as a result of their reasonable reliance;

f.      Whether Chase made false statements of material fact or concealed material facts, and whether Plaintiffs and the Class members reasonably relied on such misrepresentations to their detriment;

g.      Whether the Court can order damages, and the amount of such damages; and

h.      Whether Plaintiffs and Class members are entitled to injunctive relief.

147.    The claims of the individual named Plaintiffs are typical of the claims of the Class and do not conflict with the interests of any other members of the Class in that both Plaintiffs and the other members of the Class were subject to the same conduct, signed the same or similar agreements, and were met with the same absence of any offer for permanent modification after complying with all requirements imposed upon them by Chase.

148.    The named Plaintiffs will fairly and adequately represent the interests of the Class. Plaintiffs are committed to the vigorous prosecution of the Class' claims and have retained attorneys who are qualified to pursue this litigation and have experience in class actions.

149.    A class action is superior to other methods for the fast and efficient adjudication of this controversy. A class action regarding the issues in this case does not create any problems of manageability.

BUSH GOTTLIEB SINGER LÓPEZ KOHANSKI ADELSTEIN & DICKINSON
500 North Central Avenue, Suite 800
Glendale, California 91203-3345

1    150.   This putative class action meets both the requirements of Fed. R. Civ. P.

2    23(b)(2) and Fed. R. Civ. P. 23(b)(3).

3    151.   Defendant has acted or refused to act on grounds that apply generally to

4    the Class so that final injunctive relief or corresponding declaratory relief is appropriate

5    with respect to the Class as a whole.

## FIRST CAUSE OF ACTION

### Breach of Contract

### (on behalf of the Nationwide Class)

9    152.   Plaintiffs repeat and re-allege the allegations in paragraphs 1-151 above as

10   if set forth herein in full.

11   153.   Plaintiffs bring this claim on their own behalf and on behalf of each

12   member of the Nationwide Class described above.

13   154.   As described above, Defendant and Plaintiffs entered into a valid contract.

14   155.   The TPP Agreements provide for a trial period before the HAMP-eligible

15   homeowner receives a permanent loan modification.

16   156.   The TPP requirements are straightforward – a homeowner must make

17   three specified payments and provide necessary financial documentation requested of

18   them by Chase. The plain terms of the TPP specify that a permanent loan modification

19   automatically follows the successful completion of the trial period. Moreover, the

20   essential terms of the promised permanent loan modification are not open to negotiation

21   or discretionary alteration by either Defendants or Plaintiffs.

22   157.   To the extent that the contracts were subject to a condition subsequent

23   providing Chase an opportunity to review the documentation submitted by Plaintiffs

24   during the trial period, this condition was waived by Chase and/or it is estopped to

25   assert it as a defense to Plaintiffs' claims.

26

27

28

158. To the extent that Plaintiffs rendered any defective performance under the contract, this condition was waived and, therefore, excused by Chase and/or it is estopped to assert it as a defense to Plaintiffs' claims.

159. To the extent that Chase provided Plaintiffs with written denials of eligibility after the close of the defined trial period, the reason(s) for the denials was accepted and excused by Chase following the close of the trial period and, therefore, waived by Chase.

160. Chase's sending of the TPP Agreement to Plaintiffs was an offer, and Plaintiffs accepted this offer by either executing the Agreement and/or mailing their first payment.

161. In the alternative, Chase's sending of the TPP Agreement to Plaintiffs was an invitation to deal. Plaintiffs act of mailing either the TPP Agreement and/or first TPP payment to Chase constituted an offer. Defendant accepted the offer by verifying their eligibility, determining they qualified for HAMP, and accepting and negotiating the initial payment received.

162. The TPP Agreement is supported by consideration in the form of an exchange of mutual promises. Plaintiffs promised to keep their information current and to make the temporary payments on time. In exchange, Chase promised to send Plaintiffs a permanent modification agreement for their signature in exchange for their completion of the TPP Agreement.

163. In addition or in the alternative, the TPP Agreement is supported by further consideration in the form of each party foregoing legal obligations and rights. Plaintiffs forewent alternative avenues they could have pursued including, by way of example, bankruptcy or listing the property. Chase agreed to forego foreclosure proceedings and late fees. Both sides benefited from the exchange in that Plaintiff s were presented with an opportunity to save their home and Chase enjoyed the ability to

BUSH GOTTLIEB SINGER KOHANSKI ADELSTEIN & DICKINSON
500 North Central Avenue, Suite 800
Glendale, California 91203-3345

BUSH GOTTLIEB SINGER LÓPEZ KOHANSKI ADELSTEIN & DICKINSON
500 North Central Avenue, Suite 800
Glendale, California 91203-3345

1   keep customers, receive incentive payments from the government for performing the
2   modification, and avoid or mitigate the costs and risks associated with foreclosure.

3       164.   In the alternative, and explained in Count II and as incorporated fully
4   herein, Plaintiffs' justifiable reliance serves as a substitute for any lack of consideration.

5       165.   Plaintiffs and the Class members made their temporary trial payments and
6   otherwise complied with the TPP Agreements by making and continuing to make their
7   required payments, keeping all information and representations true and accurate in all
8   material respects, and by taking all such other steps necessary under their respective
9   TPP Agreements.

10      166.   Chase breached its contract with Plaintiffs and Class members by failing to
11  extend offers for permanent modification within a reasonable period of time following
12  Plaintiffs' and the Class members' performance under the TPP Agreements, or
13  alternatively, in some cases offered a permanent modification and then rescinded it
14  upon execution by the Plaintiffs.

15      167.  By failing to offer Plaintiffs permanent HAMP modifications by the close
16  of the trial period defined in the contracts, Defendants breached those contracts and any
17  further obligations by Plaintiffs remaining under the contract was excused.

18      168. To the extent that Plaintiffs accepted permanent modifications at a time after
19  the close of each Plaintiff's trial period, Plaintiffs' harm is measured by the difference
20  between the terms of the accepted permanent modification and the permanent
21  modification that should have been tendered at the close of each Plaintiff's trial period.

22      169.   As an actual and proximate result of Chase's breaches described herein,
23  Plaintiffs and the Class members have suffered harm and are threatened with additional
24  harm. Plaintiffs and the Class members have been damaged insofar as they have been
25  improperly denied timely and reasonable offers for permanent loan modifications,
26  which they stand ready, willing and able to accept.

27

28

BUSH GOTTLIEB SINGER LÓPEZ KOHANSKI ADELSTEIN & DICKINSON
500 North Central Avenue, Suite 800
Glendale, California 91203-3345

170.   Plaintiffs and the Class members have further been damaged in the form of lost time and opportunity costs.  By entering into a TPP and making their payments during and after the trial period, Plaintiffs spent monies on a plan that could have gone towards other potential remedies that they might otherwise have pursued to save their home. In addition, Plaintiffs built up substantial and unmanageable delinquency in an amount exceeding that which otherwise would have accrued absent the breach.

171.   In addition to the lost opportunity cost of pursuing other means of dealing with their defaults, when a permanent modification is not offered at the close of the TPP, the borrower's permanent modification terms and other options may be adversely affected and additional fees and charges may be applied. On information and belief, Defendants have imposed on Plaintiffs and the Class members improper fees and costs related to loans in default during and after their trial period.

172.   Plaintiffs and the Class members have suffered additional harm in the form of foreclosure and collection activity against their home. In addition, Plaintiffs have suffered the additional harm of adverse credit reporting.

173.   On information and belief, some putative Class members have suffered additional harm and expense in the form of defending foreclosures of their homes when, in reality, they should have been extended offers for permanent modifications of their mortgage loans and several months into their modified permanent payment plans.

## SECOND CAUSE OF ACTION

### Promissory Estoppel, In the Alternative to the First Cause of Action

### (on behalf of the Nationwide Class)

174.   Plaintiffs repeat and re-allege the allegations of paragraphs 1-151 above as if set forth herein in full.

175.   Plaintiffs bring this claim on their own behalf and on behalf of each member of the Nationwide Class described above.

BUSH GOTTLIEB SINGER LÓPEZ KOHANSKI ADELSTEIN & DICKINSON
500 North Central Avenue, Suite 800
Glendale, California  91203-3345

176. Defendant, by way of its TPP Agreements, along with its verbal assurances to Plaintiffs, unambiguously promised to Plaintiff s that if they made the TPP payments, they would receive an offer for permanent modification in the form of a permanent modification agreement for their signature.

177. Defendant's promise was intended to induce Plaintiffs to rely on it and make monthly TPP payments and otherwise perform.

178. Plaintiffs indeed relied on Defendant's promise by submitting TPP payments and all necessary documentation and otherwise fully performing under the TPP Agreement.

179. Given the language in the TPP Agreement, Plaintiffs' reliance was reasonable.

180. Plaintiffs' reliance was to their detriment.  Chase has not extended to Plaintiffs an offer for permanent modification that is affordable or anywhere in line with the repeated promises Chase representatives made to Plaintiffs.  To the contrary, Chase has restarted its foreclosure activities and has done nothing but offer to reevaluate Plaintiffs and possibly put them in line for another modification program at best, despite the fact that Plaintiff s were entitled to a permanent modification after making the payments required under the TPP Agreement.

181. Plaintiffs' reliance was also to their detriment in that Chase's conduct prevented Plaintiffs from pursuing other avenues of resolution, including using the money they are putting toward their TPP Agreement trial payments to fund bankruptcy plans, relocation costs, short sales, or other means of curing their default. Thus, Plaintiffs have lost both time and money in foregoing other opportunities to cure their defaults.

# THIRD CAUSE OF ACTION

## Breach of the Implied Covenant of Good Faith and Fair Dealing

### (on behalf of the Nationwide Class)

182.   Plaintiffs repeat and re-allege the allegations of paragraphs 1-151 above as if set forth herein in full.

183. Plaintiffs bring this claim on their own behalf and on behalf of each member of the Nationwide Class described above.

184. Defendants are obligated by contract and common law to act in good faith and to deal fairly with each borrower.

185. Chase routinely and regularly breached this duty by:

    a. Failing to perform loan servicing functions consistent with its responsibilities to Plaintiffs;

    b. Failing to supervise its agents and employees properly including, without limitation, its loss mitigation and collection personnel and its foreclosure attorneys;

    c. Routinely demanding information it had already received;

    d. Making inaccurate calculations and determinations of Plaintiffs' eligibility for HAMP;

    e. Failing to follow through on written and implied promises;

    f. Failing to follow through on contractual obligations; and

    g. Failing to give permanent HAMP modifications and other foreclosure alternatives to qualified borrowers.

186.   These actions constitute bad faith by the Defendants.

187.   On information and belief, the Defendants financially benefited from their breaches in a variety of ways, including but not limited to, by not hiring sufficient staff to meet their obligations under HAMP, the imposition of fees and charges on

BUSH GOTTLIEB SINGER LÓPEZ KOHANSKI ADELSTEIN & DICKINSON
500 North Central Avenue, Suite 800
Glendale, California 91203-3345

BUSH GOTTLIEB SINGER LÓPEZ KOHANSKI ADELSTEIN & DICKINSON
500 North Central Avenue, Suite 800
Glendale, California 91203-3345

1    borrowers' accounts during and after their TPP, and obtaining greater fees from
2    foreclosing than modifying loans they service.

3        188.  As a result of these failures to act in good faith and the absence of fair
4    dealing, Defendants caused Plaintiffs harm.

5        189.  By making TPP payments both during and after the TPP, Plaintiffs
6    forewent other remedies that might be pursued to save their home, such as restricting
7    their debts under the bankruptcy code, or pursuing other strategies to deal with their
8    defaults, such as selling their homes.

9        190.  In addition to the lost opportunity cost of pursing other means of dealing
10   with the defaults, when a permanent modification is not offered at the close of the TPP,
11   the borrowers' permanent modification terms may be adversely affected and additional
12   fees and charges may be applied.

13       191.  Plaintiffs have suffered additional harm of having adverse reporting against
14   their credit profiles. Plaintiffs have also incurred damages because the Defendants'
15   breach, i.e., Chase's failure to provide permanent HAMP modifications, means
16   Plaintiffs are further in arrears than they would have been otherwise.

17                    **FOURTH CAUSE OF ACTION**
18       **(Violations of the California Consumers Legal Remedies Act)**
19              **(On Behalf of the California Subclass)**

20       192.  Plaintiffs repeat and re-allege the allegations in paragraphs 1-151 above as
21   if set forth herein in full.

22       193.  This cause of action is brought pursuant to the Consumers Legal Remedies
23   Act (CLRA), California Civil Code §1750 et seq.  Plaintiffs are consumers as defined
24   by California Civil Code §1761(d).  Chase's HAMP-based loan modification program
25   is a good and/or service within the meaning of the CLRA.

26       194.  Plaintiffs are consumers under Civil Code §1761(d).

27

28

195.   Chase violated and continues to violate the CLRA by engaging in the following practices proscribed by California Civil Code §1770(a) in transactions with Plaintiffs and the Class which were intended to result in, and did result in, the Plaintiffs and the Class executing HAMP-based loan modification contracts:

(2)   Misrepresenting the source, sponsorship, approval or certification of goods or services;

(5)   Representing that [the Products have] . . . characteristics, . . . uses [or] benefits . . . which they do not have;

(7)   Representing that [the Products] are of a particular standard, quality or grade . . . if they are of another; and

(9)   Advertising goods . . . with intent not to sell them as advertised.

196.   Chase violated the CLRA by representing, through its marketing and advertisements, its HAMP-based loan modification program in the manner described above, when it knew, or should have known, that the marketing and advertisements were unsubstantiated, false and misleading.

197.   Further, Defendant's conduct as described throughout this Complaint constitutes deceptive, unfair, immoral and unscrupulous business practices that harmed not only Plaintiffs and the Class and Subclass members, but the general public as well. Defendant's deceptive practices constitute multiple, separate violations of the CLRA. Defendant's deceptive, immoral and unscrupulous practices, which were implemented so as to extract as much money as possible from borrowers Defendant identified as being at risk for default prior to foreclosure, included but were not limited to:

a.   Defendant's failure to extend an offer to Plaintiffs and members of the Subclass for a permanent modification within a reasonable period of time

BUSH GOTTLIEB SINGER LÓPEZ KOHANSKI ADELSTEIN & DICKINSON
500 North Central Avenue, Suite 800
Glendale, California  91203-3345

following Plaintiffs' and the Subclass members' performance under the TPP Agreements, is an "unfair business practice" under the Act.

b.  Defendant's act of informing Plaintiffs and members of the Subclass that it would extend an offer to Plaintiffs and members of the Subclass for a permanent modification once they made the TPP payments is a "deceptive" practice under the Act. Rather than extending offers for permanent modification to Plaintiffs and the Subclass members, Defendant, improperly and without justification, ultimately decided to treat the TPP Agreements as if they were null and void, ultimately threatening foreclosure.

c.  Defendant knowingly designed and maintained a loan modification system that was riddled with flaws and intentionally staffed with employees who lacked the training, experience, education or skill to accurately perform their obligations.

d.  Defendant incentivized its employees to rush customers off of the telephone as quickly as possible so as to frustrate customers, the intended result being that instead of complaining, the customers would give up and accept Chase's faulty eligibility determinations.  Defendant also ensured further frustration by implementing a "one call resolution" policy under which customers would never speak to the same service representative twice.

e.  Chase routinely lost customers loan documents, modification papers, and other necessary materials to evaluate eligibility and routinely rejected

BUSH GOTTLIEB SINGER LÓPEZ KOHANSKI ADELSTEIN & DICKINSON
500 North Central Avenue, Suite 800
Glendale, California  91203-3345

these customers' completely performed TPP Agreements on false and incorrect grounds.

f.  Defendant routinely required borrowers to submit and re-submit documents and financial information already in its possession claiming that it would not review a borrower for eligibility until and unless these documents are submitted time and again.

g.  Defendant routinely and systematically made incorrect calculations and determinations at improper times during the modification process, falsely claimed that it was permitted to do so under applicable directives and that it was unable to achieve target income to payment ratios, and routinely provided customers with other false, pre-textual reasons for refusing to extend eligible borrowers their offers for permanent modification.

h.  While continuing to accept Plaintiffs' and Subclass members' modified mortgage payments, Defendant sends Plaintiffs and Subclass members monthly letters threatening the borrowers with foreclosure, while these borrowers in fact should have received offers for permanent modification.

i.  Defendant routinely provided false information regarding its processes and standards, refused to put statements in writing when asked.

j.  Defendant expelled Plaintiffs and others from its Trial Modification Program despite the fact that these Plaintiffs and others complied with all of the terms and requirements of the TPP Agreement.

BUSH GOTTLIEB SINGER LÓPEZ KOHANSKI ADELSTEIN & DICKINSON
500 North Central Avenue, Suite 800
Glendale, California  91203-3345

k.  Engaged in other conduct designed to extract money from "at risk" borrowers as opposed to actually helping such borrowers – who were at all times HAMP eligible – achieve modified loan terms.

198.   Civil Code §1780(a)(2) permits any court of competent jurisdiction to enjoin practices that violate Civil Code §1770.

199.   Additionally, Plaintiffs are entitled to recover actual or statutory compensatory/monetary damages as authorized by Civil Code §1780(a)(1) and  Civil Code §1781(a)(1), restitution as applicable and authorized under Civil Code §1780(a)(3), and punitive damages as authorized by Civil Code §1780(a)(4), which are appropriate in this case in light of Chase's knowing, intentional, malicious, fraudulent and unconscionable conduct, Chase's reckless disregard of its legal obligations to Plaintiffs and the members of Class, and/or as otherwise recoverable under Civil Code §1780(a)(4).

200.   Plaintiffs and the members of the Class also are entitled to recover attorneys' fees and costs pursuant to Civil Code §§1780 and 1781.

### FIFTH CAUSE OF ACTION

### (Violations of the California Unfair Competition Law)

### (On Behalf of the California Subclass)

201.   Plaintiffs repeat and re-allege the allegations in paragraphs 1-151 above as if set forth herein in full.

202.   California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, provides as follows:

As used in this chapter, unfair competition shall mean and include any unlawful, unfair, or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code.

BUSH GOTTLIEB SINGER LOPEZ KOHANSKI ADELSTEIN & DICKINSON
500 North Central Avenue, Suite 800
Glendale, California 91203-3345

203.   Plaintiffs and members of the Subclass, as more fully set forth herein, have "suffered injury in fact and ha[ve] lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204.

204.   Chase violated the UCL by representing, through its marketing and advertisements, its HAMP-based loan modification program in the manner described above, when it knew, or should have known, that the marketing and advertisements were:

(a)   Unlawful, as proscribed by Cal. Bus. & Prof. Code § 17500, in that Chase's marketing and advertisements contain untrue or misleading statements which are known by Chase, or which by the exercise of reasonable care should be known, to be untrue or misleading, and thus, constitute multiple, separate violations of Cal. Bus. & Prof. Code § 17200;

(b)   Unfair business practices, and, thus constitutes multiple, separate violations of Cal. Bus. & Prof. Code § 17200, because they offend the public policy of California, are unethical, oppressive, unscrupulous, or substantially injurious to consumers or, alternatively, the harm caused by Defendant's actions outweighs any benefits accruing from such actions.

(c)   Fraudulent business practices and, thus, constitutes multiple separate violations of Cal. Bus. & Prof. Code § 17200, in that members of the public are likely to be deceived by Chase's acts and practices.

205.   Further, Defendant's conduct as described throughout this Complaint constitutes unlawful, unfair, and fraudulent business practices that harmed not only Plaintiffs and the Class and Subclass members, but the general public as well. Defendant's unlawful, unfair, and fraudulent practices constitute multiple, separate violations of the UCL. Defendant's practices, which were implemented so as to extract as much money as possible from borrowers Defendant identified as being at risk for default prior to foreclosure, included but were not limited to:

Second Amended Class Action Complaint
10-cv-01464-DOC(JCGx)
38

a. Defendant's failure to extend an offer to Plaintiffs and members of the Subclass for a permanent modification within a reasonable period of time following Plaintiffs' and the Subclass members' performance under the TPP Agreements, is an "unlawful, unfair, or fraudulent business act" under the Act.

b. Defendant's act of informing Plaintiffs and members of the Subclass that it would extend an offer to Plaintiffs and members of the Subclass for a permanent modification once they made the TPP payments is an "unlawful, unfair, or fraudulent business act" practice under the Act. Rather than extending offers for permanent modification to Plaintiffs and the Subclass members, Defendant, improperly and without justification, ultimately decided to treat the TPP Agreements as if they were null and void, ultimately threatening foreclosure.

c. Defendant knowingly designed and maintained a loan modification system that was riddled with flaws and intentionally staffed with employees who lacked the training, experience, education or skill to accurately perform their obligations.

d. Defendant incentivized its employees to rush customers off of the telephone as quickly as possible so as to frustrate customers, the intended result being that instead of complaining, the customers would give up and accept Chase's faulty eligibility determinations. Defendant also ensured further frustration by implementing a "one call resolution" policy under which customers would never speak to the same service representative twice.

BUSH GOTTLIEB SINGER LÓPEZ KOHANSKI ADELSTEIN & DICKINSON
500 North Central Avenue, Suite 800
Glendale, California  91203-3345

e.  Chase routinely lost customers loan documents, modification papers, and other necessary materials to evaluate eligibility and routinely rejected these customers' completely performed TPP Agreements on false and incorrect grounds.

f.  Defendant routinely required borrowers to submit and re-submit documents and financial information already in its possession claiming that it would not review a borrower for eligibility until and unless these documents are submitted time and again.

g.  Defendant routinely and systematically made incorrect calculations and determinations at improper times during the modification process, falsely claimed that it was permitted to do so under applicable directives and that it was unable to achieve target income to payment ratios, and routinely provided customers with other false, pre-textual reasons for refusing to extend eligible borrowers their offers for permanent modification.

h.  While continuing to accept Plaintiffs' and Subclass members' modified mortgage payments, Defendant sends Plaintiffs and Subclass members monthly letters threatening the borrowers with foreclosure, while these borrowers in fact should have received offers for permanent modification.

i.  Defendant routinely provided false information regarding its processes and standards, refused to put statements in writing when asked.

j.  Defendant expelled Plaintiffs and others from its Trial Modification

BUSH GOTTLIEB SINGER LÓPEZ KOHANSKI ADELSTEIN & DICKINSON
500 North Central Avenue, Suite 800
Glendale, California  91203-3345

Program despite the fact that these Plaintiffs and others complied with all of the terms and requirements of the TPP Agreement.

k. Engaged in other conduct designed to extract money from "at risk" borrowers as opposed to actually helping such borrowers – who were at all times HAMP eligible – achieve modified loan terms.

206.   Chase's misrepresentations and omissions set forth in this Complaint are material in that they relate to matters that are important to consumers and would likely affect the purchasing decisions or conduct of consumers, including Plaintiffs and members of the Subclass.

207.   Plaintiffs and members of the Subclass relied on and/or their decisions were influenced by the misrepresentations and omissions by Chase to their detriment.

208.   Plaintiffs and members of the Subclass have been injured in their money or property as a result of Chase's unlawful, unfair, or fraudulent business acts or practices, and unfair, deceptive, untrue, or misleading advertising as set forth in this Complaint.

209.   As a result of Chase's violations of Cal. Bus. & Prof. Code § 17200, Plaintiffs and members of the Subclass are entitled to restitution of all amounts paid to Chase, injunctive relief, disgorgement, interest, and attorneys' fees and costs, pursuant to California law.

## SIXTH CAUSE OF ACTION

### (Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act)

### (On behalf of the Illinois Subclass)

210.   Plaintiffs repeat and re-allege the allegations of paragraphs 1-151 above as if set forth herein in full.

211.   At all time material hereto, there has been in effect in the State of Illinois a

certain statute known as the Illinois Consumer Fraud and Deceptive Business Practices Act ("the Act"), set forth as Chapter 815, Act 505 of the Illinois Compiled Statutes, which provides in pertinent part, as follows:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damage thereby. . ."
>
> *See* 815 ILCS 505/2.

212. Defendant engaged in a pattern or practice of unfair or deceptive acts or practices, including failing to disclose, concealing, suppressing, or omitting material facts, as set forth in this Second Amended Complaint, in the conduct of trade or commerce.

213. This pattern or practice of unfair or deceptive acts or practices affected Plaintiffs, the Putative Illinois Subclass and the general public.

214. Defendant's act of knowingly designing and maintaining a loan modification system that was riddled with flaws and intentionally staffing employees who lacked the training, experience, education or skill to accurately perform their obligations is an unfair or deceptive act or practice under the Act.

215. Defendant's act of incentivizing its employees to rush customers off of the telephone as quickly as possible so as to frustrate customers, the intended result being that instead of complaining, the customer's would give up and accept Chase's faulty eligibility determinations, is an unfair or deceptive act or practice under the Act. Defendant also ensured further frustration by implementing a "one call resolution" policy under which customers would never speak to the same service representative

Bush Gottlieb Singer López Kohanski Adelstein & Dickinson
500 North Central Avenue, Suite 800
Glendale, California  91203-3345

BUSH GOTTLIEB SINGER LÓPEZ KOHANSKI ADELSTEIN & DICKINSON
500 North Central Avenue, Suite 800
Glendale, California 91203-3345

1    twice.

2        216.   Defendant's act of routinely losing customers loan documents,

3    modification papers, and other necessary materials to evaluate eligibility is an unfair or

4    deceptive act or practice under the Act.

5        217.   Defendant's act of routinely requesting borrowers to submit and re-submit

6    documents and financial information already in its possession claiming it would not

7    review a borrower for eligibility until and unless these documents were submitted time

8    and again is an unfair or deceptive act or practice under the Act.

9        218.   Defendant's act of routinely and systematically making incorrect

10   calculations and determinations at improper times during the modification process,

11   falsely claiming that it was permitted to do so under applicable directives and that it

12   was unable to achieve target income to payment ratios, and routinely providing

13   customers with other false, pre-textual reasons for refusing to extend eligible borrowers

14   their offers for permanent modification is an unfair or deceptive act or practice under

15   the Act.

16       219.   Defendant's act of continually sending Plaintiffs and Subclass members

17   monthly letters threatening the borrowers with foreclosure, while continuing to accept

18   Plaintiffs' and Subclass members' modified mortgage payments is an unfair or

19   deceptive act or practice under the Act.

20       220.   Defendant's act of providing false information regarding its processes and

21   standards (and refusing to put statements in writing when asked) is an unfair or

22   deceptive act or practice under the Act.

23       221.   Defendant's conduct was designed to extract as much money as possible

24   from "at risk" borrowers and is an unfair or deceptive act or practice under the Act.

25       222.   Defendant's intentional misrepresentation and concealment of material

26   facts constitute prohibited fraudulent conduct under the Illinois Consumer Fraud Act.

27       223.   At all times material hereto, it was reasonably foreseeable that Plaintiffs,

28

Second Amended Class Action Complaint
10-cv-01464-DOC(JCGx)
43

BUSH GOTTLIEB SINGER LÓPEZ KOHANSKI ADELSTEIN & DICKINSON
500 North Central Avenue, Suite 800
Glendale, California 91203-3345

and other similarly situated, would rely on the false and fraudulent statements made by Defendant. Said reliance has caused Plaintiffs, and others similarly situated, to be damaged.

224.   Plaintiffs have suffered actual damages as an actual and proximate result of the Defendant's intentional misrepresentation and concealment of material facts.

225.   Defendant's conduct as described throughout this Complaint constitutes unfair, immoral and unscrupulous business practices that harmed not only Plaintiffs and the Class and Subclass members, but the general public as well.  Defendant's immoral and unscrupulous practices were implemented so as to extract as much money as possible from borrowers Defendant identified as being at risk for default prior to foreclosure.

226.   The actions of Defendant were done willfully, intentionally and with reckless disregard for harm that would be caused to Plaintiffs, and others similarly situated, and Defendant's conduct warrants imposition of exemplary damages to deter Defendant, and others in similar circumstances, from committing such actions in the future.

227.   Defendant's conduct described herein actually and proximately caused Plaintiffs and the Subclass members to suffer damages as described throughout this Complaint.

228.   Plaintiff and the members of the Class also are entitled to recover attorneys' fees and costs, as well as punitive damages, pursuant to 815 ILCS 505/10a(a) and (c).

## SEVENTH CAUSE OF ACTION

### (Violation of the New York Gen. Bus. § 349 – Consumer Protection from Deceptive Acts and Practices)

### (On behalf of the New York Subclass)

229.   Plaintiffs repeat and re-allege the allegations of paragraphs 1-151 above as

BUSH GOTTLIEB SINGER LÓPEZ KOHANSKI ADELSTEIN & DICKINSON
500 North Central Avenue, Suite 800
Glendale, California 91203-3345

1  if set forth herein in full.

2      230.   Pursuant to N.Y. Gen. Bus. § 349(a), deceptive acts or practices in the

3  conduct of any business, trade, or commerce or in the furnishing of any service in this

4  state are hereby declared unlawful.

5      231.   Defendant engaged in the deceptive acts or practices, including failing to

6  disclose, concealing, suppressing, or omitting material facts, as set forth in this Second

7  Amended Complaint, in the conduct of business, trade, or commerce.

8      232.   Defendant's act of informing Plaintiffs and members of the Subclass that it

9  would extend an offer to Plaintiffs and members of the Subclass for a permanent

10  modification once they made the TPP payments is a "deceptive" practice under the Act.

11  Rather than extending offers for permanent modification to Plaintiffs and the Subclass

12  members, Defendant, improperly and without justification, ultimately decided to treat

13  the TPP Agreements as if they were null and void, ultimately threatening foreclosure.

14      233.   Defendant's conduct as described throughout this Complaint constitutes

15  unfair, immoral and unscrupulous business practices that harmed not only Plaintiffs and

16  the Class and Subclass members, but the general public as well. Defendant's immoral

17  and unscrupulous practices, which were implemented so as to extract as much money as

18  possible from borrowers Defendant identified as being at risk for default prior to

19  foreclosure, included but were not limited to:

20          a.  Defendant's failure to extend an offer to Plaintiffs and members of the

21              Subclass for a permanent modification within a reasonable period of time

22              following Plaintiffs' and the Subclass members' performance under the

23              TPP Agreements, is an "unfair business practice" under the Act.

24

25          b.  Defendant's act of informing Plaintiffs and members of the Subclass that

26              it would extend an offer to Plaintiffs and members of the Subclass for a

27              permanent modification once they made the TPP payments is a

28

Second Amended Class Action Complaint
10-cv-01464-DOC(JCGx)
45

BUSH GOTTLIEB SINGER LÓPEZ KOHANSKI ADELSTEIN & DICKINSON
500 North Central Avenue, Suite 800
Glendale, California  91203-3345

"deceptive" practice under the Act. Rather than extending offers for permanent modification to Plaintiffs and the Subclass members, Defendant, improperly and without justification, ultimately decided to treat the TPP Agreements as if they were null and void, ultimately threatening foreclosure.

c.  Defendant knowingly designed and maintained a loan modification system that was riddled with flaws and intentionally staffed with employees who lacked the training, experience, education or skill to accurately perform their obligations.

d.  Defendant incentivized its employees to rush customers off of the telephone as quickly as possible so as to frustrate customers, the intended result being that instead of complaining, the customers would give up and accept Chase's faulty eligibility determinations.  Defendant also ensured further frustration by implementing a "one call resolution" policy under which customers would never speak to the same service representative twice.

e.  Chase routinely lost customers loan documents, modification papers, and other necessary materials to evaluate eligibility and routinely rejected these customers' completely performed TPP Agreements on false and incorrect grounds.

f.  Defendant routinely required borrowers to submit and re-submit documents and financial information already in its possession claiming that it would not review a borrower for eligibility until and unless these

BUSH GOTTLIEB SINGER LÓPEZ KOHANSKI ADELSTEIN & DICKINSON
500 North Central Avenue, Suite 800
Glendale, California  91203-3345

1    documents are submitted time and again.

3    g.  Defendant routinely and systematically made incorrect calculations and
4        determinations at improper times during the modification process, falsely
5        claimed that it was permitted to do so under applicable directives and that
6        it was unable to achieve target income to payment ratios, and routinely
7        provided customers with other false, pre-textual reasons for refusing to
8        extend eligible borrowers their offers for permanent modification.

10   h.  While continuing to accept Plaintiffs' and Subclass members' modified
11       mortgage payments, Defendant sends Plaintiffs and Subclass members
12       monthly letters threatening the borrowers with foreclosure, while these
13       borrowers in fact should have received offers for permanent modification.

15   i.  Defendant routinely provided false information regarding its processes
16       and standards, refused to put statements in writing when asked.

18   j.  Defendant expelled Plaintiffs and others from its Trial Modification
19       Program despite the fact that these Plaintiffs and others complied with all
20       of the terms and requirements of the TPP Agreement.

22   k.  Engaged in other conduct designed to extract money from "at risk"
23       borrowers as opposed to actually helping such borrowers – who were at
24       all times HAMP eligible – achieve modified loan terms.

25   234.  Plaintiffs and members of the Class and Subclass were injured by and as a
26   result of Defendant's deceptive acts or practices set forth in this Second Amended
27   Complaint.  Defendant's deceptive acts or practices caused injury and damages to

Second Amended Class Action Complaint
10-cv-01464-DOC(JCGx)
47

BUSH GOTTLIEB SINGER LÓPEZ KOHANSKI ADELSTEIN & DICKINSON
500 North Central Avenue, Suite 800
Glendale, California 91203-3345

1  Plaintiffs and members of the Class and Subclass, including improper denial of timely

2  and reasonable offers for permanent loan modifications, lost time and opportunity costs

3  in that by entering into a TPP and making payments both during and after the trial

4  period, Plaintiffs spent monies on a plan that could have gone towards other potential

5  remedies that they might otherwise have pursued to save their homes, and on

6  information and belief, some putative Class members have suffered additional harm and

7  expense in the form of defending foreclosures of their homes when, in reality, they

8  should have been extended offers for permanent modifications of their mortgage loans

9  and several months into their modified permanent payment plans.

10      235.   Plaintiffs seek to recover their actual damages, injunctive relief, costs, and

11  reasonable attorneys' fees, pursuant to N.Y. Gen. Bus. §349(h).

## EIGHTH CAUSE OF ACTION

### (Violation of the Nevada Deceptive Trade Practices Act)

### (On behalf of the Nevada Subclass)

15      236.   Plaintiffs repeat and re-allege the allegations in paragraphs 1-151 above as

16  if set forth herein in full.

17      237. The Nevada Deceptive Trade Practices Act, Nev. Rev. Stat. § 598.0915

18  (15), provides, in part, as follows:

19      A person engages in a 'deceptive trade practice' if, in the course of his business

20  or occupation, he:

21      (15)   Knowingly makes any other false representation in a transaction.

22      238.   Defendant's conduct as described throughout this Second Amended

23  Complaint constitutes deceptive, unfair, immoral and unscrupulous business practices

24  that harmed not only Plaintiff and the Class and Subclass members, but the general

25  public as well. Defendant's deceptive practices constitute multiple, separate violations

26  of Nev. Rev. Stat. § 598.0915 (15). Defendant's deceptive, immoral and unscrupulous

27  practices, which were implemented so as to extract as much money as possible from

28

BUSH GOTTLIEB SINGER LÓPEZ KOHANSKI ADELSTEIN & DICKINSON
500 North Central Avenue, Suite 800
Glendale, California 91203-3345

borrowers Defendant identified as being at risk for default prior to foreclosure, included but were not limited to:

    a. Defendant's failure to extend an offer to Plaintiffs and members of the Subclass for a permanent modification within a reasonable period of time following Plaintiffs' and the Subclass members' performance under the TPP Agreements, is an "unfair business practice" under the Act.

    b. Defendant's act of informing Plaintiffs and members of the Subclass that it would extend an offer to Plaintiffs and members of the Subclass for a permanent modification once they made the TPP payments is a "deceptive" practice under the Act. Rather than extending offers for permanent modification to Plaintiffs and the Subclass members, Defendant, improperly and without justification, ultimately decided to treat the TPP Agreements as if they were null and void, ultimately threatening foreclosure.

    c. Defendant knowingly designed and maintained a loan modification system that was riddled with flaws and intentionally staffed with employees who lacked the training, experience, education or skill to accurately perform their obligations.

    d. Defendant incentivized its employees to rush customers off of the telephone as quickly as possible so as to frustrate customers, the intended result being that instead of complaining, the customers would give up and accept Chase's faulty eligibility determinations. Defendant also ensured further frustration by implementing a "one call resolution" policy under which customers would never speak to the same service representative

1    twice.

2

3    e.  Chase routinely lost customers loan documents, modification papers, and

4        other necessary materials to evaluate eligibility and routinely rejected

5        these customers' completely performed TPP Agreements on false and

6        incorrect grounds.

7

8    f.  Defendant routinely required borrowers to submit and re-submit

9        documents and financial information already in its possession claiming

10       that it would not review a borrower for eligibility until and unless these

11       documents are submitted time and again.

12

13   g.  Defendant routinely and systematically made incorrect calculations and

14       determinations at improper times during the modification process, falsely

15       claimed that it was permitted to do so under applicable directives and that

16       it was unable to achieve target income to payment ratios, and routinely

17       provided customers with other false, pre-textual reasons for refusing to

18       extend eligible borrowers their offers for permanent modification.

19

20   h.  While continuing to accept Plaintiffs' and Subclass members' modified

21       mortgage payments, Defendant sends Plaintiffs and Subclass members

22       monthly letters threatening the borrowers with foreclosure, while these

23       borrowers in fact should have received offers for permanent modification.

24

25   i.  Defendant routinely provided false information regarding its processes

26       and standards, refused to put statements in writing when asked.

27

28

Second Amended Class Action Complaint
10-cv-01464-DOC(JCGx)
50

BUSH GOTTLIEB SINGER LÓPEZ KOHANSKI ADELSTEIN & DICKINSON
500 North Central Avenue, Suite 800
Glendale, California 91203-3345